Court of Claims jurisdiction; judicial review of Federal Communications Commission fees; community antenna television operators. — On November 15,1974 the court issued the following order:
Before skeltoN, Judge, Presiding, Nichols and kuNzig, Judges.
“This case is before the court on defendant’s motion to dismiss the petition. Plaintiffs are cable TY operators (CATV). They seek to recover an annual fee of 300 per subscriber that the Federal Communications Commission (FCC) has required them to pay since July 2,1970, under purported authority of 31 U.S.C. § 483a and 47 C.F.R. § 1.1116 (b).
“On March 4, 1974, in National Cable Television Ass’n v. United States, 415 U.S. 336, the Supreme Court held that “value to the recipient” was the applicable statutory standard in setting this fee, and that the CATV operators might receive special benefits from the FCC, but the Court could not be sure the FCC used the correct standard. It reversed the Court of Appeals so that the case could be remanded to the FCC for further proceedings consistent with the opinion.
“Contrary to defendant, we believe we have subject matter jurisdiction over these claims for illegal exaction of funds. Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 372 *867 F. 2d 1002 (1967). If the Supreme Court had held, as plaintiffs apparently believe, that the 300 fee was illegal in toto and that plaintiffs owed nothing, yet they still were required to pay, a prima, facie case for relief in this court would be made out. However, it is obvious the Court believed plaintiffs may have received a benefit in some amount and remanded for the FCC to determine what the amount was, and this is even clearer from Mr. Justice Marshall’s dissent. There is not a word to exclude the FCC from making its new figure retroactive to July 2,1970, and obvious objections to its omitting to do so, unless it determines there was no benefit. Eespect for the Supreme Court’s mandate requires us to stay our hand until the FCC has spoken. Until then, we do not know what the defendant’s liability is. If plaintiffs are dissatisfied with the new figure, and seek to attack it here, we will have to determine whether defendant is right that review of the FCC figure is permissible only in the Court of Appeals, per 47 U.S.C. § 402(a). It would be premature to address this issue now.
“Though the action arguably is prematurely brought the motion to dismiss is denied, in view of uncertainty as to what starts the statute of limitations running. Further proceedings will be suspended until either party advises us of the final FCC decision. Defendant’s counsel is designated to report to the trial judge on the status of the FCC proceedings at 60 day intervals, beginning 60 days from this date.”